MARÍA DELIZ, *née* MARÍA ROIG MARIETTI, Plaintiff and Appellee, *v.* LUIS A. DELIZ, Defendant and Appellant.

No. 4821. Argued April 26, 1929.—Decided July 26, 1929.

*E. Díaz Collazo,* for appellant.   *Arjona & Arjona,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

In the final analysis this appeal only involves a conflict of the evidence and we are unable to say that the court erred in the weighing thereof. Probably if the court had decided in favor of the husband or had decided against both the complaint and the cross-complaint we should not have reversed its action. The complainant was made a witness both by the complainant and the defendant and the case depended very largely on her testimony. The appellant attempts to attack it.

The said complainant had given evidence tending to show insults and other behavior on the part of her husband in front of a visitor, yet that visitor was not produced as a witness. It is a rule of evidence, sufficiently set forth in the laws, that the testimony of a single witness, if believed, may be accepted by the court as proving the case. Section 18, Law of Evidence. Hence no corroboration is necessary and the failure to corroborate is not a suppression of evidence.

Similarly the appellant insists on contradiction and inconsistencies in the testimony of the complainant. This was a matter which went to the weight of the evidence. When a witness exaggerates or even misrepresents in certain particulars this is no ground for excluding the testimony. Otherwise persons who were given to exaggeration or were fanciful in their statements could never be witnesses. The judge

or the jury ordinarily may be depended upon to make allowances. We are not deciding that much of the statements of the witness were hyperbole.

Contradictions between witnesses of one side are very common. We commented on this in *People* v. *Ramos*, 35 P.R.R. 699. Witnesses necessarily vary in their accounts.

We find no error in allowing a witness to state the contents of a letter when the letter was destroyed by the appellant himself.

•The appellant speaks of the preponderance of the evidence. There is enough in the record to justify the findings made by the court. We go further and say that when the defendant made the complainant his own witness he vouched for her general honesty. He was not obliged to call her and he certainly had no right to do so merely to contradict her. This action on the part of the defendant necessarily strengthened the case of the complainant. Some of these considerations appear from the opinion of this court in *People* v. *Méndez*, 39 P.R.R. 590.

Another assignment of error is the failure of the court to make more specific findings. The court said the charges of the complaint had been proved and that the case was one of conflict in the evidence. It is apparent from the opinion that the court believed the testimony offered by the complainant. The Act passed by the Legislature in 1925 says that in cases of conflict the judge should express the reasons for his arriving at a result. When it appears that the court believed one set of witnesses rather than another little more can be required. We do not think that it was the intention of the Legislature that the judge should say that because of a witness's words, attitude or gestures he did not merit credit and we doubt if the Legislature has the right to exact such minute requirements of a judge. Be it as it may, the question arises as to what this appellate court should do in case of default by the judge. Should we send the case back for a new trial or many months after the trial require the judge

to disclose all his intimate ideas? We hold otherwise. Frequently the trier could not tell all his reasons for arriving at a conclusion of fact. A certain amount of intuition is involved in the process. Furthermore, the appellant made no request for other findings. This, like the failure to require better or corrected instructions in criminal cases, is a waiver by a losing party or something similar. Also the appellee insists that when the court says that there is a preponderance of proof in favor of a party this statement is a compliance with the law. On the whole we incline to the view that so far as the conflict of the evidence is concerned the law is directory rather than mandatory. We are reserving for later decision the question of how the new act affected our decision in *Paganacci* v. *Lebrón,* 24 P.R.R. 743 and the other cases that followed it.

The admission of an answer to a hypothetical question, not in due form, was a harmless error· The judge said he would pay no attention to the objected evidence if the hypothesis was not based on admitted evidence.

The judgment should be affirmed.

Mr. Chief Justice del Toro took no part in the decision of this case.